UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| John Raines and Tim McGough, as Trustees of the Carpenters & Joiners Welfare Fund, Twin City Carpenters Pension Master Trust Fund, and Twin City Carpenters Vacation Fund; John Raines as Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and each of their successors,<br><br>                Plaintiffs,<br><br>vs.<br><br>J.R. Jones Fixture Co. and Douglas J. Jones individually,<br><br>                Defendants. | Civil File No. 12-2129 JNE/TNL<br><br><br><br><br><br><br><br><br>**FINDINGS OF FACT,<br>CONCLUSIONS OF LAW, AND<br>ORDER FOR ENTRY OF DEFAULT** |

This matter was heard before the undersigned on the 2nd day of May 2013. Benjamin Garbe of Anderson, Helgen, Davis & Nissen, PA appeared for and on behalf of the Plaintiffs at the scheduled time of 11:00 a.m. As of 11:30 a.m. there was no appearance by or communication with the Court on behalf of either Defendant.

**FINDINGS OF FACT**

1. The Summons and Complaint were filed with the Court on August 29, 2012. The service was accomplished upon Defendants on September 17, 2012.

2. Defendants have failed to file and serve a response or Answer to the Complaint. The Application for Entry of Default and Affidavit of Pamela H. Nissen in support of the Application for Entry of Default were filed with the Court on October 29, 2012. The Clerk's Entry of Default was entered on October 29, 2012.

3. Plaintiffs are trustees and fiduciaries of the above-referenced funds (hereinafter Funds). The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, *inter-alia*, pension, health and welfare vacation benefits and training to employees doing carpentry work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

4. Defendants, through their execution of an Independent Agreement, have agreed to be bound to the terms of a Collective Bargaining Agreement between the Twin City Carpenters District Council and the Associated General Contractors of Minnesota, now known as the North Central States Regional Council of Carpenters and the Associated General Contractors of Minnesota.

5. The Collective Bargaining Agreement requires employers, such as Defendants, to make fringe benefit contributions to the Funds in accordance with its terms. These contributions must be made on behalf of all employees covered by the Collective Bargaining Agreement, in amounts set forth and agreed upon therein, for the purpose of funding employee benefits.

6. The Collective Bargaining Agreement requires employers, such as Defendants, to complete a report form with the information as required by the Trustees, identifying each of their employees and each hour worked by that employee during the month performing covered service. The report is required to be submitted with the payment for the amounts due not later than the 15th day of the following month.

7. Furthermore, the Collective Bargaining Agreement requires employers, such as Defendants, to make available their employment and payroll records for examination and audit

by the Trustees of the Plaintiffs or their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the proper administration of the Plaintiffs and to ascertain whether the employer has properly complied with their fringe benefit contribution obligations.

8. The Collective Bargaining Agreement also provides that an employer is liable for liquidated damages of 10% for delinquent contributions, and further provides that Plaintiffs are entitled to their attorney fees and costs incurred in the collecting any delinquency.

9. Plaintiffs requested that Defendants produce the employment and payroll records for audit for the period of January 2010 through March 2011. Defendants produced documents for review for this period, and Plaintiffs' auditor prepared an invoice based upon the documents produced.

10. The total amount of fringe benefit contributions discovered to be owing to the Plaintiffs from the audit for the period of January 2010 through March 2011 is $13,344.14. An additional $1,334.41 is due for liquidated damages for the audit period of January 2010 through March 2011.

11. Plaintiffs also requested that Defendants produce the employment and payroll records for the audit period of April 2011 through the present for the purposes of auditing the records to determine their compliance with the terms of the Collective Bargaining Agreement. To date, Defendants have failed and refused to produce a complete set of the employment and payroll records for audit for the period of April 2011 through the present.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to Entry of Default.

2. The amount due for fringe benefit contributions for the audit period of January 2010 through March 2011 is $13,344.14. The amount due for liquidated damages for the audit period of January 2010 through March 2011 is $1,334.41.

3. Defendants have failed to produce a complete set of records as requested by Plaintiffs to allow Plaintiffs to complete an audit of their records for the period of April 2011 through the present.

4. Defendants are liable for all liquidated damages and for all delinquent fringe benefit contributions discovered to be due per the audit, and is further liable for interest and Plaintiffs' attorney fees and costs.

## **ORDER**

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Entry of Default is granted.

2. That Defendants shall produce for inspection and audit a complete set of the following records for the period of April 2011 through the present:

   a. All payroll registers or journals;

   b. All time cards;

   c. All Internal Revenue 941 quarterly reports;

   d. All Internal Revenue W-2 and W-3 forms (to the extent such forms are issued by the employer prior to the audit being completed);

   e. All payments to any individual for labor or services, regardless of whether the Defendants classifies such individual as an employee or as a subcontractor;

   f. All business checking account registers or journals;

g. All checking account bank statements including copies of all checks issued from the accounts;

h. All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms; and

i. All records identifying the type of work performed by each employee and individual who has performed services for the Defendants.

3. Defendants are further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

4. Production and inspection shall occur within ten days of entry of this Order at the physical premises of the administrative agent, Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425.

5. That upon completion of the audit for the period of April 2011 through the present, by Defendants with Plaintiffs pursuant to this Order, if Defendants fail to make payments required by this Order, the Plaintiffs may move the Court for entry of a money judgment for all unpaid contributions, liquidated damages, interest, and reasonable attorney fees and costs, as shown by Affidavit filed with the Court, and the Court will enter judgment ten days after service of the motion and affidavit on Defendants, including all amounts due for the audit period of January 2010 through March 2011.

Dated: May 2, 2013                BY THE COURT:

                                  s/Joan N. Ericksen_____
                                  The Honorable Joan N. Ericksen
                                  United States District Judge